UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20878-CV-MORENO
MAGISTRATE JUDGE REID

DARWIN JOEL RUIZ JIMINEZ,

Plaintiff,

v.

WARDEN ACOSTA, *et al.*,

Defendants.
_________________________/

**REPORT OF MAGISTRATE JUDGE RE DISMISSAL NON-COMPLIANCE WITH COURT ORDERS**

## I. Introduction

This Cause is before the Court upon periodic review of the case in light of the court's order district court's order directing Plaintiff to file a response to the motion to dismiss filed by the Defendant, Jonas Lovett [ECF No. 34]. The Plaintiff's response was due on or before November 22, 2019. [ECF No. 35]. The Plaintiff has not filed a response. As a result, the court must now address Plaintiff's obvious failure to comply with this court's order and failure to prosecute this case. For the reasons set forth below, the undersigned recommends that the case be dismissed without prejudice.

This Cause has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

dispositive motions. See 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and S.D. Fla. Admin. Order 2019-2.

Procedurally, the Plaintiff's Complaint was screened, in accordance with the Prison Litigation Reform Act ("PLRA"), and Plaintiff's claims of excessive force and punitive damages were allowed to proceed against Defendants, Lovett and two John Does. [ECF Nos. 8, 16]. An Order was entered requiring the Plaintiff to provide more information so that service could be perfected on the two John Does. [ECF No. 17]. Plaintiff's response to this order was due on or before September 13, 2019. [*Id.*]. Plaintiff did not file a response to this order.

Meanwhile, service was perfected on Defendant Lovett, who has now filed a motion to dismiss [ECF No. 34]. Plaintiff was ordered to respond to the motion, but failed to do so. [ECF No. 35].

**II. Discussion**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Fed. R. Civ. P. 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, No. 11-10518, 433 F. App'x 716, 718 (11th Cir. 2011)(*per curiam*)(unpub.)(citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

Rule 41(b) permits the involuntary dismissal of a plaintiff's claims where he

has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. *See cf*. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* ... dismiss any action for want of prosecution, with or without prejudice[,] ... [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)); *Coleman*, 433 F. App'x at 718*; Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005)(*per curiam*)(unpub.)(citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, No. 06-13131, 205 F. App'x 802, 802 (11th Cir. 2006)(*per curiam*)(unpub.)(quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction. . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1366 (11th Cir. 1995)); *Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (citing *Morewitz*, 62 F.3d at 1366).

By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *Taylor*, 251 F. App'x at 619; *Coleman*, 433 F. App'x at 719; *Brown*, 205 F. App'x at 802-03.

While this Court carefully exercises its discretion to dismiss cases, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor*, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Here, Plaintiff failed to comply with the court's order regarding the additional information required to perfect service upon the two named John Does. He also failed to comply with the court's order requiring a response to Lovett's motion to dismiss. Thus, the Court is unable to move forward with this case. Plaintiff was given

more than ample time considering the end of year holiday to follow the Court's latest directive, but failed to comply. Accordingly, this case should be DISMISSED without prejudice for failure to prosecute and failure to comply with the Court's orders. *See Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 984-85 (11th Cir. 2019)(*per curiam*)(unpub.)(citations omitted)(finding no abuse of discretion in dismissing case for failure to comply with multiple court orders).

**III. Recommendation**

It is therefore recommended that the case be DISMISSED without prejudice pursuant to Rule 41(b), for Plaintiff's failure to prosecute and comply with the court's orders; and, that the case be CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a de novo determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 8th day of January, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: Darwin Joel Ruiz Jiminez, *Pro Se*
DC#H16830
Taylor Correctional Institution
Inmate Mail/Parcels
8501 Hampton Springs Road
Perry, FL 32348

Robert Edward Gregg, Ass't Atty Gen'l
Attorney for Defendant
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Email: Robert.Gregg@myfloridalegal.com