UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-20878-CIV-MORENO

DARWIN JOEL RUIZ JIMINEZ,

    Plaintiff,

vs.

FRANCISCO ACOSTA, EVERGLADES C.I.,
WARDEN, in individual capacity, *et. al.*,

    Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION AND
### ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

THE MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Complaint under the Civil Rights Act, 42 U.S.C. Section 1983, filed on **March 7, 2019**. Magistrate Judge Reid issued a Report and Recommendation **(D.E. 38)** on **January 8, 2020**, which recommends that the undersigned dismiss this case without prejudice for the Plaintiff's failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). The Court has reviewed the entire file and record, and has made a *de novo* review of the issues presented in the Report and Recommendation. The Court notes that no objections were filed and the time for doing so has expired. Being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Reid's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to comply with court orders.

Earlier in this case, the Court affirmed and adopted a Report and Recommendation based on Magistrate Judge Reid's initial screening of the Plaintiff's Complaint. (*See* D.E. 8, 16.)

Specifically, the Court allowed the Plaintiff's excessive force and punitive damages claims to proceed against Defendant Lovett and the John Doe Defendants, and granted the Plaintiff leave to amend his Complaint to address specific pleading deficiencies that were identified in the May 2019 Report and Recommendaiton. (*See* D.E. 16 at 2.)

Here, the Plaintiff has failed to cure his pleading deficiencies, despite multiple opportunities (*see id.*; D.E. 30), failed to respond to a court order requiring him to provide additional information to identify the John Joe Defendants in order to serve them (*see* D.E. 17), and failed to respond to Defendant Lovett's Motion to Dismiss, despite being granted a *sua sponte* extension of time (*see* D.E. 35). Indeed, the Plaintiff did not file an amended complaint or otherwise respond to the orders issued by Magistrate Judge Reid during the 11 weeks that transpired between the *sua sponte* extension of time to respond to the Motion to Dismiss and the underlying Report and Recommendation being issued. For these reasons, Magistrate Judge Reid recommends that the undersigned dismiss this case without prejudice for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b).

The Court agrees with Magistrate Judge Reid's recommendation. At bottom, more than 5 months have passed since this Court granted the Plaintiff leave to cure specific pleading deficiencies in his Complaint, which were specifically identified in the May 2019 Report and Recommendation. This is so despite the opportunity given by this Court (D.E. 16), and a second opportunity granted *sua sponte* by Magistrate Judge Reid (D.E. 30). Furthermore, the Plaintiff has still failed to respond to both a court order requiring him to provide additional information to identify the John Joe Defendants, and to Defendant Lovett's Motion to Dismiss. (*See* D.E. 17, 35.)

Therefore, in view of the Plaintiff's failure to prosecute his case and to comply with court orders, the Court agrees with Magistrate Judge Reid that this case should be dismissed without prejudice. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to

dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs . . . .").[1]

For these reasons, it is

**ADJUDGED** that Magistrate Judge Reid's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. It is further

**ADJUDGED** that no certificate of appealability issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record

Darwin Joel Ruiz Jiminez
H16830
Northwest Florida Reception Center
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428
Pro Se

---

[1] Although the Plaintiff's Notice of Address Change filed on January 10, 2020 (docketed on January 17, 2020) explains that he has not received any document from the court since October 14, 2019 (*see* D.E. 39), this conclusory assertion, absent any supporting documentary or affidavit evidence, does not alter the Court's analysis and ruling.
 Also, before October 14, 2019, the Plaintiff was still on notice of Magistrate Judge Reid's August 7, 2019 order that ordered the Plaintiff to provide the full name, title, badge number, and physical description of the John Doe Defendants by September 13, 2019 (D.E. 17); and the Plaintiff was on notice of Magistrate Judge Reid's September 10, 2019 order that gave the Plaintiff an October 10 deadline to file an amended complaint (D.E. 30). As discussed above, the Plaintiff still has not responded with information about the John Doe Defendants, nor has the Plaintiff cured the pleading deficiencies in his Complaint. For these reasons, the Court finds that the Plaintiff's assertions in his Notice of Address Change do not overcome his other failures to prosecute his case and to comply with court orders.