UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-20878-CIV-MORENO

DARWIN JOEL RUIZ JIMINEZ,

        Plaintiff,

vs.

FRANCISCO ACOSTA, EVERGLADES C.I.,
WARDEN, in individual capacity, *et. al.*,

        Defendants.
_____/

# ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

THIS CAUSE came before the Court upon the Plaintiff's Objections to the Magistrate's Report and Recommendation **(D.E. 45)**, filed on **February 6, 2020**, and the Plaintiff's Motion for Relief from Judgment **(D.E. 46)**, filed on **March 9, 2020**.

THE COURT has considered the objections, the motion for relief from judgment, the pertinent portions of the record, and is otherwise fully advised in the premises.

At the outset, it appears that the Plaintiff's objections were timely filed even though the Court received them after affirming and adopting the Report and Recommendation. The clock for the Plaintiff to file objections started ticking when he was "served with a copy" of the Report and Recommendation. *See* S.D. Fla. Local Magistrate Rule 4(b) ("Any party may object to a Magistrate Judge's proposed findings, recommendations or report . . . within fourteen (14) days after being *served with a copy* thereof. . . .") (emphasis added). The Plaintiff asserts that he received the Report and Recommendation on January 27, 2020 (*see* D.E. 45 at 2), and so his deadline to file objections would have been February 10, 2020. Although the docket shows the

Objections were filed on February 6, 2020, this was just the day the Clerk of Court uploaded the Objections to the docket. Under *Houston v. Lack*, the Objections are treated as being filed on January 31, 2020, the day the Objections were signed and dated by the Plaintiff, and delivered to prison officials. 487 U.S. 266, 276 (1988) (ruling that a *pro se* prisoner's filing is considered filed "at the time [the] petitioner delivered it to the prison authorities for forwarding to the court clerk"). So assuming that the Plaintiff was served on January 27, 2020, the Objections would be timely filed. In any event, the Court will treat them as such.

Turning to the merits, the Objections present a single argument: because the Plaintiff was transferred to multiple institutions over the past few months, he did not receive "many of the documents listed on the court's docket," including "a copy of Defendant Lovett's motion to dismiss or a copy of [the] court's order directing him to respond to the motion to dismiss." (D.E. 45 at 1.) The Objections also state that the Plaintiff "is requesting the institutional mail logs to provide proof of [his] claim." *Id.*

Here, the Court is not persuaded by the Objections. First, this Court already addressed and rejected the Plaintiff's conclusory assertions that he has not received certain case documents. Specifically, the Court ruled that although the Plaintiff claimed that he had not received any document from the Court since October 14, 2019, "this conclusory assertion, absent any supporting documentary or affidavit evidence, [did] not alter the Court's analysis and ruling." (*See* D.E. 42 at 3 n.1.) The reason the Plaintiff's argument did not impact the Court's ruling was because—even accounting for the documents the Plaintiff claimed that he did not receive—the Plaintiff was "on notice of Magistrate Judge Reid's August 7, 2019 order that ordered the Plaintiff to provide the full name, title, badge number, and physical description of the John Doe Defendants by September 13, 2019 (D.E. 17); and the Plaintiff was on notice of Magistrate Judge Reid's

September 10, 2019 order that gave the Plaintiff an October 10 deadline to file an amended complaint (D.E. 30)." *Id.* Despite being on notice, the Plaintiff did not file any responsive pleadings. *Id.*[1]

Second, the Plaintiff's argument is rebutted by the record before the Court. In *pro se* prisoner cases, every document filed in a case is mailed to the prisoner. When documents are not successfully delivered, the Court receives a "Notice of Undeliverable Mail," which is filed on the case docket. The docket for this case, however, does not show any notice of undeliverable mail for Defendant Lovett's motion to dismiss, Magistrate Judge Reid's order directing the Plaintiff to respond to the motion to dismiss, or any other documents filed in the time since the Court adopted the May 2019 Report and Recommendation.[2]

---

[1] The Plaintiff's Motion for Relief from Judgment notes that he was transferred multiple times since the start of this case. (D.E. 46.) Specifically, the Plaintiff says that he was transferred: (1) from Okaloosa C.I to Taylor C.I. in July of 2019; (2) from Taylor C.I. to Jackson C.I. in November 2019; and (3) from Jackson C.I. to Northwest Florida Reception Center in December 2019. *Id.* The Court notes that the first and third address changes were reflected on the docket through notices of address change filed by the Plaintiff in July 2019 and January 2020, respectively. (*See* D.E. 15, 39.) The Court also notes that every document entered on the docket was sent to the correct last known address of the Plaintiff, based on each respective notice of address change. Indeed, the notices of filing for Defendant Lovett's Motion to Dismiss, filed on October 22, 2019, and Magistrate Judge Reid's Order Instructing *Pro Se* Plaintiff Concerning Response to Motion to Dismiss, entered on October 23, 2019, correctly list the Plaintiff's address as Taylor C.I.

The Plaintiff did not, however, file a notice of address change after he was transferred from Taylor C.I. to Jackson C.I. in November 2019. The Plaintiff does not state the precise day that he was transferred, but during that time, only three documents were entered on the docket: (1) the Plaintiff's Motion for Appointment of Counsel (D.E. 36), filed on November 1, 2019; (2) the Paperless Order Denying Plaintiff's Motion for Appoinment of Counsel (D.E. 37), also filed on November 1, 2019; and (3) the Report and Recommendation (D.E. 38), filed on January 8, 2020. Notably, the Plaintiff's Objections and Motion for Relief from Judgment do not contest having received these documents. And indeed, the Plaintiff's Objections were filed in response to the Report and Recommendation, thus proving that the Plaintiff received the Report and Recommendation despite the transfer to a new facility.

So, taking the transfers into consideration while reviewing the entire docket, the fact remains that the Plaintiff was on notice of his deadlines to provide more information about the John Doe Defendants and to file an amended complaint. To date, the Plaintiff still has not filed responsive documents to either.

[2] Magistrate Judge Reid explained similarly in an order on January 21, 2020: "[r]eview of the court's docket . . . reveals that the court's order [on the motion for appointment of counsel] . . . was never returned as undeliverable" and that the Plaintiff offered "no objective proof, other than his own self-serving declaration, not properly sworn to under penalty of perjury, that he never received the court's October 2019 order that he respond to the defendant's motion to dismiss. This order was also not returned as

Finally, even if the Court accepts the Plaintiff's conclusory assertions that he did not receive the motion to dismiss or the order requiring a response, the Court did not dismiss this case without prejudice only because the Plaintiff did not respond to Defendant Lovett's motion to dismiss. Indeed, that motion was never granted by default. Rather, the Court dismissed the case without prejudice because the Plaintiff failed to prosecute his case by failing to cure the pleading deficiencies that were specifically identified in the May 2019 Report and Recommendation. As the order of dismissal without prejudice noted, "more than 5 months [had] passed" since the Plaintiff was granted leave to cure those pleading deficiencies, but he failed to do so "despite the opportunity given by this Court (D.E. 16), and a second opportunity granted *sua sponte* by Magistrate Judge Reid (D.E. 30)." (D.E. 42 at 2.) To date, the Plaintiff still has not cured the pleading deficiencies.[3]

For all these reasons, it is

**ADJUDGED** that the Plaintiff's Objections **(D.E. 45)** are **OVERRULED** and no certificate of appealability shall issue. It is also

**ADJUDGED** that the Plaintiff's Motion for Relief from Judgment **(D.E. 46)** is **DENIED** and no certificate of appealability shall issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of March 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

undeliverable by the United States Postal Service . . . ." (*See* D.E. 40.) On this basis, Magistrate Judge Reid ruled that "[o]n this record, [the Plaintiff] ha[d] not demonstrated cause to overcome his failure to properly litigate this case and to comply with court orders." (D.E. 41 (correcting scrivenor's error in D.E. 40).)

[3] In addition to dismissing the case without prejudice for failing to cure the pleading deficiencies, the Court noted that the Plaintiff also "failed to respond to both a court order requiring him to provide additional information to identify the John Doe Defendants, and to Defendant Lovett's Motion to Dismiss." (D.E. 42 at 2 (citing D.E. 17, 35).)

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record

Darwin Joel Ruiz Jiminez
H16830
Northwest Florida Reception Center
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428
<u>Pro Se</u>